UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4600

EDWARD JAMES WATSON, a/k/a Big
Boy,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Rockingham.
William L. Osteen, Sr., District Judge.
(CR-95-307)

Submitted: October 10, 1997

Decided: November 5, 1997

Before HALL, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Danny T. Ferguson, Winston-Salem, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Michael F. Joseph,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Edward James Watson appeals his convictions on fifteen counts of an indictment charging him with various drug and firearms offenses. The charges related to Watson's activities as the head of a crack distribution ring that operated primarily at a mobile home park in Raeford, North Carolina. Watson argues on appeal that the district court erred when it declined to instruct the jury on the affirmative defense of duress. We affirm.

Watson admitted at trial that he committed the crimes as charged, but contended that he did so only because Frankie Smith had threatened that he or others would kill Watson and his family if he did not sell drugs for Smith. Watson testified that Smith wanted Watson to establish a drug business at the trailer park and thereby pave the way for rival drug dealers in Lumber Bridge, North Carolina, to move into Raeford. Government witnesses testified that Smith was a confidential informant who introduced undercover officers to Watson and members of his organization. Watson conceded that he knew a number of law enforcement officers, with whom he had relatively frequent contact. Nonetheless, between March and December 1995, Watson never contacted any officer regarding the alleged threats against him and his family.

The district court denied defense counsel's request for an instruction on duress. Even taking as true Watson's allegations that he acted because of Smith's omnipresent threats, the court found that Watson had offered no credible evidence that he was unable to remove himself from the situation.

The affirmative defense of duress will fail "if there was a reasonable, legal alternative to violating the law, `a chance both to refuse to do the criminal act and also to avoid the threatened harm.'" United States v. Bailey, 444 U.S. 394, 410 (1980) (citation omitted). Thus, the defendant must demonstrate both that he acted because of a "well-

2

grounded fear of immediate death or serious injury" and that he had "no opportunity to avoid the threatened harm other than by commission of the act." United States v. Neal, 990 F.2d 355, 359 (4th Cir. 1993). A defense of duress requires a showing by a defendant that he made a genuine effort to stop the illegal action as soon as the threat had ceased. See United States v. Sarno, 24 F.3d 618, 621 (4th Cir. 1994). If the evidence is insufficient as a matter of law to support one of the elements of the defense, the district court may refuse to instruct the jury on duress. See Bailey, 444 U.S. at 412-15.

The district court in this case properly denied the requested instruction. Watson had ample opportunity during the course of the charged conspiracy to contact law enforcement officers and inform them of Smith's alleged threats. Testimony revealed that Smith was apart from Watson and his family most of the time. Watson therefore was not constantly under an immediate threat of death or serious injury. While he was away from Smith, Watson had ample opportunity to inform authorities of his claimed predicament. He made no such effort to disclose the danger, and he was not entitled to an instruction on duress.

Watson also complains that the district court erred when it refused to allow Jeremiah Baker to testify that he told Watson of threats Smith had made against Watson's life. During voir dire, Baker testified that the threats were made because Smith considered Watson to be a bad influence on Smith's son and that Smith may have believed that Watson had engaged in an affair with Smith's wife. Smith mentioned nothing to Baker about Watson's drug dealings. Baker stated that Watson laughed when he heard about these threats. We note that this is hardly an appropriate reaction by one who takes threats seriously. The court properly excluded Baker's testimony on the basis of relevancy. The testimony simply did not bolster Watson's version of why he felt threatened by Smith.

We accordingly affirm the convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

AFFIRMED

3